UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BERNCICH,<br>    Plaintiff,<br>v.<br>JASON CUNNINGHAM,<br>    Defendant. | Case No. 17-cv-02708-SK<br><br>**REFERRAL FOR REASSIGNMENT AND REPORT AND RECOMMENDATION TO REMAND** |

Defendant Jason Cunningham, proceeding *pro se* and seeking to proceed *in forma pauperis,* removed this unlawful detainer action to federal court. Defendant has not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), and, therefore, the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge.

The Court lacks subject matter jurisdiction over this action because the single claim in the complaint arises exclusively under state law, the amount in controversy is less than $10,000, and the removal is untimely. Accordingly, the Court RECOMMENDS that the District Court REMAND this action to state court.

**BACKGROUND**

On March 15, 2017, Plaintiff Kathy Berncich filed an unlawful detainer complaint against Defendant Jason Cunningham and two others in Sonoma County Superior Court. (Dkt. 1, Ex. A.) Plaintiff seeks to take possession of 1621 Becky Court, Santa Rosa, California following a 60-day notice to quit dated January 9, 2017. (*Id.*) Plaintiff alleges that the tenancy was based on an August 3, 2015 written agreement to pay rent on a month-to-month basis and that the agreed monthly rental value is $1,575 per month or $53.00 per day. (*Id.*)

Defendant Cunningham removed the action to federal court on May 10, 2017. (Dkt. 1.) The notice of removal also includes copies of Defendant Cunningham's demurrer to the complaint, Plaintiff's opposition to the demurrer, and Defendant Cunningham's answer. (*Id.*) Defendant Cunningham asserts that removal is proper because Plaintiff failed to comply with the strict notice requirements required for an unlawful detainer action, that Defendant Cunningham alerted the state court to defective notice in the demurrer, but that the demurrer was not sustained. (Dkt. 1.) Despite the fact that the Defendant Cunningham's demurrer was premised on defective notice of the unlawful detainer action, his basis for removal is violation of 12 U.S.C. § 5220, the Protecting Tenants at Foreclosure Act.

## ANALYSIS

### A. Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an *in forma paperis* complaint that lacks subject matter jurisdiction. *Pratt v. Sumner,* 807 F.2d 817, 819 (9th Cir. 1987). Even aside from section 1915 review, the Court has an independent duty to ascertain its jurisdiction and may remand a case *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.,* 980 564, 566 (9th Cir. 1992). Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

The Court does not have federal question or diversity jurisdiction over this matter. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule." *Caterpillar Inc. v. Williams,* 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal –question jurisdiction arises where the "complaint establishes either that federal law

2

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.,* 463 U.S. 1, 27-28 (1983).

This is an unlawful detainer action, which is purely a creature of California law. Thus, federal law does not create the cause of action. *Wells Fargo Bank v. Lapeen,* 2011 WL 2194117 at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley,* 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law. While Defendant Cunningham refers to 12 U.S.C. § 5220, which provides certain protections to tenants under housing rent control regulations from eviction from the premises on which a mortgage is foreclosed, there are no factual allegations supporting the applicability of that act. Further, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board,* 463 U.S. at 10, 14; *see also Caterpillar,* 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Therefore, there is no federal question jurisdiction.

The Court also determines that it does not have diversity jurisdiction over this matter. The amount in controversy does not exceed the jurisdictional amount of $75,000. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession." *Federal Home Loan Mortgage Corp. v. Pulido,* 2012 WL 540554 (N.D. Cal. Feb. 17, 2012). Here, Plaintiff filed the action as a "limited civil case" that "does not exceed $10,000." (Dkt. 1, Ex. A.) Where, as here, a plaintiff specifically alleges that the amount in controversy is less than the jurisdictional threshold, a defendant has the burden of showing with legal certainty that the amount in controversy exceeds $75,000. *See Lowerdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000, (9th Cir. 2007)). Defendant Cunningham has not done so here.

//

3

Diversity jurisdiction is likewise lacking. 28 U.S.C. § 1441(b) prohibits removal where a defendant in that case is a citizen of the state in which the plaintiff originally brought the action. *See Spencer v. U.S. Dist. Ct for Northern Dist. (Altec Ind., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F.Supp. 628, 629 (N.D. Cal. 1991). Here the complaint alleges that Defendant Cunningham resides at the subject property located in Santa Rosa, California and is therefore a citizen of California. (Dkt. 1, Ex. A.) Because Defendant Cunningham is a citizen of California, he is precluded from removing this action on the grounds of diversity. Therefore, the Court lacks subject matter jurisdiction to hear this matter.

**B.     Timeliness of Removal**

The time limit for removal by a defendant is thirty days from the date of service. 28 U.S.C. § 1446(b)(1). While it is unclear here exactly when Defendant Cunningham was served, the attachments to the notice of removal indicate that Defendant Cunningham filed a notice of demurrer on April 3, 2017 and then an answer on April 25, 2017. Even if Defendant Cunningham received the complaint on April 3, 2017, the date filed the demurrer, over thirty days passed before he sought to remove the action to federal court on May 10, 2017. Therefore, the notice of removal was untimely.

**CONCLUSION**

Given the lack of subject matter over this action, the Court recommends that it be REMANDED to the Sonoma County Superior Court. Any party may object to this recommendation within fourteen days of the filing of this order. *See* Fed.R.Civ.P. 72(b).

**IT IS SO ORDERED**.

Dated: May 23, 2017

_____
SALLIE KIM
United States Magistrate Judge

4